IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tony Lamar Reed,<br><br>　　　　　　Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>　　　　　　Respondents. | No. CV 16-00001-PHX-DJH (DMF)<br><br>**REPORT AND RECOMMENDATION** |

**TO THE HONORABLE DIANE J. HUMETEWA, UNITED STATES DISTRICT JUDGE:**

Petitioner Tony Lamar Reed ("Petitioner" or "Reed") filed a *pro se* Petition for Writ of Habeas Corpus ("Petition") on January 4, 2016 (Doc. 1). Respondents filed an answer (Doc. 10), followed by Petitioner's reply (Doc. 11).

As is explained below, the Court recommends that the Petition be denied and dismissed with prejudice because: (1) Ground One lacks merit; and (2) Grounds Two, Three and Four are barred from habeas review because each was procedurally defaulted, and Petitioner has not established cause and prejudice for the default or established actual innocence.

**I.    BACKGROUND**

　　**A.    Summary of Trial, Direct Appeal and Post-Conviction Relief Proceedings**

Petitioner's indictment charged him with counts of aggravated robbery,

kidnapping, second degree burglary, and aggravated assault. (Doc. 10-1 at 4-6)[1] The charges arose when Petitioner was arrested after being identified as a suspect in alleged crimes against the victim at the victim's home. (Doc. 10-1 at 90-91)[2] These allegations include that Petitioner and his girlfriend pushed through a door left ajar into the victim's apartment, shut the door and demanded that the victim surrender his cell phone and the cash in his wallet. (*Id.* at 90) It was further alleged that Petitioner ordered the victim to sit down, and the victim refused and told Petitioner to leave. (*Id.* at 91) The victim testified that Petitioner then hit him hard in the head, causing the victim to fall onto a chair, and that Petitioner continued to beat the victim until he fell onto the floor. (*Id.*) The victim reported that Petitioner and his girlfriend then left, locking the apartment door behind them. (*Id.*) The victim said he remained on his apartment floor for the rest of that night and all of the next day and night, drifting in and out of consciousness, unable to call for help or move from the floor. (*Id.*) The victim was eventually able to alert his neighbors to his circumstances, and police officers were called to gain entry to his apartment and begin to obtain medical care for him. (*Id.*) The victim said he had been acquainted with Petitioner and his girlfriend previous to the crime, as people he had encountered in his neighborhood. (*Id.*)

Petitioner was convicted by jury in the Maricopa County Superior Court on each count of his indictment. (Doc. 10-1 at 20-23) He was sentenced to 15 years' imprisonment on each of the robbery, burglary, and assault charges, and to 18 years' imprisonment on the kidnapping charge, all sentences to run concurrently. (*Id.* at 53-57).

Appointed counsel for Petitioner's direct appeal "found no arguable issue of law that is not frivolous." (*Id.* at 77). Petitioner then filed a supplemental petition *in propria persona*. (*Id.* at 83) On January 14, 2014, the Arizona Court of Appeals affirmed

---

[1] Respondents included a list of exhibits with their Answer. (Doc. 10-1 at 22-23) The document and page references used herein for those exhibits are to this Court's electronic record.

[2] This brief summary of the allegations against Petitioner is derived from the Arizona Court of Appeals' statement of facts in its memorandum decision in Petitioner's direct appeal of his convictions and sentence.

- 2 -

Petitioner's convictions and sentences. (*Id.* at 89-94; *State v. Reed*, No. 1-CA-CR 13-0101, 2014 WL 311971, at *4 (Ariz. App. Jan. 28, 2014)). Reed's petition for review to the Arizona Supreme Court was denied. (Doc. 10-1 at 101) Petitioner's appointed counsel for his Petition for Post-Conviction Relief ("PCR") filed a notice of completion of review stating she was not able to identify a colorable issue pursuant to Rule 32 of the Arizona Rules of Criminal Procedure. (*Id.* at 123) Reed subsequently filed a *pro se* petition for PCR (*Id.* at 106-118), which was denied by the trial court for failure to raise a colorable claim (*Id.* at 166-169).

The record indicates that Reed filed a "Petition to Appeal Rule 32.1 and 32.8 Decision" with the trial court (Doc. 10-1 at 171-176), but there is nothing in the record to suggest that he filed a petition for review with the Arizona Court of Appeals. *See* footnote 3, *infra*.

### B.     Issues Raised On Direct Appeal

As noted, Petitioner's appointed counsel on direct appeal of his convictions and sentencing filed a brief advising the appellate court he was unable to identify any "arguable question of law that is not frivolous[,]" citing *Anders v. California*, 386 U.S. 738 (1967). (Doc. 10-1 at 77) He indicated he had also filed a motion for leave for Petitioner to file a supplemental brief *in propria persona*. (*Id.*)

In his supplemental brief, Petitioner stated that he wished to bring before the Arizona Court of Appeals the following evidence and issues: (1) the victim had stated in a police report that Petitioner had gone through the victim's kitchen cabinets, but police investigators "never took fingerprints or even DNA samples"; (2) no medical testimony was introduced "that one punch in the face can cause an individual to be paralyzed"; (3) "I would like to know what type of prescription medication the victim was on, because he had been consuming alcohol the majority of the day"; (4) "the Police never found any of the victim's possessions on [co-defendant] or myself"; (5) "in the police report the victim claims he was punched once in the face, then took the stand and claimed he was punched several times"; (6) that the victim's initial statement to the police was at odds with his testimony at trial regarding his girlfriend coming to his door while he was incapacitated;

(7) "being in a fist fight [and] not being able to move does not constitute kidnapping"; (8) defense counsel "failed to let the jury understand that [the victim] perjured himself on the stand"; and (9) I [have serious mental illness], Social Security pays me monthly for mental disability. Equitable tolling and Atkins claim." (Doc. 10-1 at 83-86)

The Arizona Court of Appeals affirmed Petitioner's convictions and sentences in a reasoned opinion. (Doc. 10-1 at 89-94) The court held that the victim's identification of Petitioner from a photo lineup and at trial was sufficient evidence to establish that Petitioner was the culprit, and that no rule or caselaw requires the State to collect fingerprint or DNA evidence. (*Id.* at 92) The court set forth the required elements for Petitioner's charged offenses and found that the State had presented sufficient evidence to support each of his convictions. (*Id.* at 92-93) Regarding Petitioner's issue involving his mental illness, equitable tolling, and an "Atkins claim," the court reasoned:

> [w]e take [Petitioner] to be arguing that he was not competent to stand trial and that his sentences were prohibited under the Eighth Amendment and *Atkins v. Virginia*, 536 U.S. 304 (2002). Nothing in the record supports [Petitioner's] arguments. [Petitioner] was present and represented by counsel at all critical stages, and his competency was never disputed. His history of mental illness was properly considered as a mitigating factor at sentencing.

(*Id.* at 93)

### C. PCR Proceedings

In his petition for PCR to the Maricopa County Superior Court, Reed argued: (1) his convictions were not supported by substantial evidence; and (2) that he received ineffective assistance of trial and appellate counsel regarding the alleged failures to interview Petitioner's accomplice, to effectively cross-examine the victim regarding prior inconsistent statements, to ask police investigators to check for fingerprints and DNA evidence, or to move to suppress the victim's unreliable testimony; and (3) that the State introduced false testimony from the victim. (*Id.* at 110-118)

On July 21, 2015, the PCR court dismissed Reed's petition, and found: (1) that his arguments respecting the sufficiency of the evidence and the victim's credibility were

decided by the Arizona Court of Appeals on direct appeal and therefore were precluded under Arizona Rules of Criminal Procedure, Rule 32.2; (2) that he had failed to establish either prong of the test for ineffective assistance of counsel set forth in *Strickland v. Washington*, 466 U.S. 671, 687 (1984) regarding his trial counsel's representation; (3) that he had not asserted any argument or provided facts to support his claim of ineffective assistance of his appellate counsel; and (4) that Petitioner had failed to support his argument that the State had presented perjured testimony from the victim. (*Id.* at 166-168)

Petitioner did not file either a motion for reconsideration or a petition for review with the Arizona Court of Appeals.[3] Reed's timely Petition for Writ of Habeas Corpus followed. (Doc. 1)

## II.   PETITIONER'S HABEAS CLAIMS

Petitioner raises four grounds for relief. In Ground One, Petitioner alleges that the evidence at trial was not sufficient to sustain his guilty verdict. (Doc. 1 at 6) Among the defects in the evidence alleged by Petitioner were that the police did not find any of the victim's possession on him when he was arrested, the existence of inconsistencies between the victim's statement to police and his testimony at trial, and the failure of the police to test the victim's apartment for fingerprints and DNA evidence. (*Id.*)

In Ground Two, Petitioner asserts he received ineffective assistance of counsel "at all stages of [his] criminal proceeding." (*Id.* at 7) As examples of the ineffective representation, Petitioner states that his trial counsel failed to interview his accomplice, who he alleged had wished to testify on his behalf. (*Id.*) Petitioner explains that he is no longer able to obtain an affidavit from the accomplice that could support this claim. (*Id.*)

---

[3] On November 4, 2015, Reed filed with the Superior Court a "Petition to Appeal Rule 32.1 and 32.8 Decision." If this was intended to serve as a petition for review of the trial court's dismissal of his PCR action, this document was filed with the wrong court (it should have been filed with the Arizona Court of Appeals), and it was filed well past the deadline required by Arizona Rules of Criminal Procedure, Rule 32.9(c) which provides: "Within thirty days after the final decision of the trial court on the petition for post-conviction relief or the motion for rehearing, any party aggrieved may petition the appropriate appellate court for review of the actions of the trial court." Reed does not provide any argument about or even mention this filing.

- 5 -

Petitioner reasserts his argument that trial counsel was not effective in cross-examining the victim so that the jury could have understood that the victim was lying. (*Id.*) He further complains, without explanation or argument, that his counsel did not request a Dessureault hearing. (*Id.*)

In Ground Three, Petitioner alleges negligent investigation by the Phoenix Police Department because they did not test for fingerprints or DNA in the victim's apartment, and did not record their interview with the victim. (*Id.* at 8)

Petitioner's Ground Four alleges a due process violation involving judicial misconduct, vindictive prosecution, and prosecutorial misconduct. (*Id.* at 9) Petitioner asserts these claims are supported by the State's questioning of the victim and the court's allowing the victim's testimony to be admitted when the victim was lying. (*Id.*) He also seems to argue that these claims are supported by the police department's failure to "preserve" evidence, presumably referring to their failure to test for DNA and fingerprint evidence. (*Id.*)

### III.   LEGAL ANALYIS

#### A.   Exhaustion/Procedural Bar

A state prisoner must properly exhaust all state court remedies before this Court can grant an application for a writ of habeas corpus. 28 U.S.C. § 2254(b)(1), (c); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). Arizona prisoners properly exhaust state remedies by fairly presenting claims to the Arizona Court of Appeals in a procedurally appropriate manner. *O'Sullivan v. Boerckel*, 526 U.S. 838, 843-45 (1999); *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999); *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994).

In addition to being presented in the proper forum, a petitioner's claims must be "fairly presented." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). In other words, a petitioner must provide the state court "with an opportunity to apply controlling legal principles to the facts bearing upon his [federal] constitutional claim." *Picard v.* Connor, 404 U.S. 270, 277 (1971) (citation and internal quotation marks omitted). To be fairly presented, a claim must include a statement of the operative facts and the specific federal legal theory.

*Baldwin*, 541 U.S. at 32-33; *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996); *Duncan*, 513 U.S. at 365-66; *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) ("The mere similarity between a claim of state and federal error is insufficient to establish exhaustion.").

A claim can also be subject to an express or implied procedural bar. *Robinson v. Schriro*, 595 F.3d 1086, 1100 (9th Cir. 2010). An express procedural bar exists if the state court has denied or dismissed a claim based on a procedural bar "that is both 'independent' of the merits of the federal claim and an 'adequate' basis for the court's decision." *Harris v. Reed*, 489 U.S. 255, 260 (1989); *Stewart v. Smith*, 536 U.S. 856, 860 (2002) (Arizona's "Rule 32.2(a)(3) determinations are independent of federal law because they do not depend upon a federal constitutional ruling on the merits"); *Johnson v. Mississippi*, 486 U.S. 578, 587 (1988) ("adequate" grounds exist when a state strictly or regularly follows its procedural rule). *See also Ylst v. Nunnemaker*, 501 U.S. 797, 801 (1991); *Robinson*, 595 F.3d at 1100.

An implied procedural bar exists if a claim was not fairly presented in state court and no state remedies remain available to the petitioner. *Teague v. Lane*, 489 U.S. 288, 298-99 (1989); *Rose v. Lundy*, 455 U.S. 509, 519-20 (1982); *Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002); *Poland v. Stewart*, 169 F.3d 573, 586 (9th Cir. 1999); *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989). This Court may review a procedurally defaulted claim if the petitioner can demonstrate either cause for the default and actual prejudice to excuse the default, or a miscarriage of justice. *Schlup v. Delo*, 513 U.S. 298, 321 (1995); *Coleman*, 501 U.S. at 750; *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986); *States v. Frady*, 456 U.S. 152, 167-68 (1982). "Cause" is a legitimate excuse for the procedural default; "prejudice" is the actual harm that results from an alleged constitutional violation. *Thomas v. Lewis*, 945 F.2d 1119, 1123 (9th Cir. 1991). If cause is not found, there is no need to establish whether there was prejudice. *Id.* at n.10.

The miscarriage of justice exception to procedural default "is limited to those *extraordinary* cases where the petitioner asserts his [actual] innocence and establishes that the court cannot have confidence in the contrary finding of guilt." *Johnson v.*

*Knowles*, 541 F.3d 933, 937 (9th Cir. 2008) (emphasis in original). To pass through the actual innocence/*Schlup* gateway, a petitioner must establish his or her factual innocence of the crime and not mere legal insufficiency. *See Bousley v. U.S.*, 523 U.S. 614, 623 (1998); *Jaramillo v. Stewart*, 340 F.3d 877, 882–83 (9th Cir. 2003). To prove a "fundamental miscarriage of justice," a prisoner must establish that, in light of new evidence, "it is more likely than not that no reasonable juror would have convicted him." *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

### B. 28 U.S.C. § 2254 Habeas Petition – Legal Standard of Review

On habeas review, this Court can only grant relief if the petitioner demonstrates the adjudication on the merits of a claim by a state court either "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). This is a "'highly deferential standard for evaluating state court rulings' which demands that state court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam) (quoting *Lindh v. Murphy*, 521 U.S. 320, 333 n. 7 (1997)).

### C. Assertion of federal law basis for Petitioner's grounds for relief

Nowhere within Reed's Petition does he mention that the claims he asserts are "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); (Doc. 1). Moreover, Petitioner did not provide a federal basis in state court for any of the grounds asserted in his Petition except his ineffective assistance of counsel argument asserted in his PCR action, which he subsequently failed to exhaust, as is discussed below. In their answer, Respondents do not argue Reed's failure to assert a federal law basis in his Petition, or his failure to fairly present his claims as grounds for denial. (Doc. 10)

### D. Grounds Two through Four are procedurally defaulted without cause

Petitioner did not exhaust his Ground Two claim of ineffective assistance of counsel in his PCR action, because he failed to file a petition for review with the Arizona

Court of Appeals. Accordingly, he did not afford the state courts "one full opportunity to resolve" this constitutional issue by completing "one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. *See also Swoopes*, 196 F.3d at 1010. This unexhausted claim is procedurally defaulted because it is time-barred under Arizona law. *Beaty*, 303 F.3d at 987.

Petitioner did not assert his Ground Three claim of negligent investigation by the Phoenix Police Department in his direct appeal. Further, he could not have raised this claim in his PCR action because it would have been precluded pursuant to Arizona Rules of Criminal Procedure 32.2(a)(1) as raisable on direct appeal. Similarly, Petitioner did not raise his Ground Four claim involving judicial misconduct, vindictive prosecution, and prosecutorial misconduct on direct appeal, and would have been precluded from raising it in his subsequent PCR action. These claims are also procedurally defaulted.

As noted, this Court may review Petitioner's procedurally defaulted claims through a showing of either cause for the default and actual prejudice to excuse the default, or a factual showing of actual innocence. *Schlup*, 513 U.S. at 321. Petitioner does not argue cause for his default, and the record does not suggest that cause exists. Similarly, although Petitioner argues that inconsistencies in the victim's statements, the police investigation, and his trial counsel's representation all undermine the legal sufficiency of his convictions and sentences, he does not establish his factual innocence of the crime.

**E.     Ground One argument on the insufficiency of the evidence lacks merit.**

In Ground One, Petitioner argues that the evidence was insufficient to sustain his guilty verdict. He asserts that: (1) the police did not find the victim's stolen items on the Petitioner; (2) the police did not attempt to take fingerprint or DNA evidence from the victim's apartment; and (3)(a) the police report states that the victim said he was punched once in the face, that after the robbery and assault he walked around his apartment before he fell asleep, and that he did not answer the door when his girlfriend came by the day after the assault because he did not wish to get her involved, while (3)(b) the victim's trial testimony was that he was punched repeatedly, that he fell to the floor after the

assault and remained there, and that he did not call out to his girlfriend when she came by because he was too weak. (Doc. 1 at 6)

Addressing Petitioner's claim on direct appeal, the Arizona Court of Appeals first set forth the required elements the State was required to prove on each of the counts on which Petitioner was charged. (Doc. 10-1 at 92-93) Next, the court found that:

> [t]he state presented sufficient evidence on all of the charges. The state presented evidence that [Petitioner] and a companion entered [the victim's] apartment without invitation and took [the victim's] money and cell phone, that [Petitioner] hit [the victim] when [the victim] resisted an order, that [Petitioner] eventually beat [the victim] to the floor, and that [Petitioner] and his companion left [the victim] lying injured on the floor and locked the door behind them. To be sure, as [Petitioner] suggests, "being in a fist fight not being able to moved" [sic] may not always constitute kidnapping. But here, the state presented evidence that [Petitioner] severely beat [the victim] until he was immobile and then locked him in his apartment, and we have no difficulty affirming [Petitioner's] conviction for kidnapping. And contrary to [Petitioner's] contention, medical testimony was not required to show that [the victim's] injuries rendered him unable to move – [the victim's] testimony was sufficient.

(Doc. 10-1 at 93 ¶14)

The United States Supreme Court instructs that a petitioner challenging his state criminal conviction pursuant to 28 U.S.C. § 2254 on the sufficiency of the evidence is "entitled to habeas corpus relief if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 324 (1979). If the record supports conflicting inferences, a federal habeas court "must presume – even if it does not affirmatively appear in the record – that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Id.* at 326. Moreover, in federal habeas actions, such claims are subjected to a double layer of judicial deference:

> First, on direct appeal, "it is the responsibility of the jury – not the court – to decide what conclusions should be drawn from evidence admitted at trial. A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury. *Cavazos v. Smith*, 565 U.S, 1, __, 132 S.Ct. 2, 4 (2011) (*per*

*curiam*). And second, on habeas review, "a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was 'objectively unreasonable.'" *Ibid.* (quoting *Renico v. Left*, 559 U.S. 766, __, 130 S.Ct. 1855, 1862 (2010).

*Coleman v. Johnson*, 566 U.S. 650, ___, 132 S.Ct. 2060, 2062 (2012).

The Court has reviewed the entire trial record. (Doc 10-2, 10-3) This record could support conflicting inferences on some issues. However, applying the presumption that the jury resolved any conflict in favor of the prosecution, it cannot be concluded that no rational trier of fact could have found Petitioner guilty beyond a reasonable doubt. Petitioner has failed to establish that the state court's adjudication of this claim was contrary to, or involved an unreasonable application of federal law, or that it was based on an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d).

**IT IS THEREFORE RECOMMENDED** that the Petition for Writ of Habeas Corpus be denied and dismissed with prejudice.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability be denied because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna–Tapia,* 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will

be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.

Dated this 7th day of February, 2017.

_____
Honorable Deborah M. Fine
United States Magistrate Judge