IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tony Lamar Reed, | No. CV-16-00001-PHX-DJH |
| Petitioner, | **ORDER** |
| v. | |
| Charles L. Ryan, et al., | |
| Respondents. | |

This matter is before the Court on Petitioner's Petition for Writ of Habeas Corpus (the "Petition") pursuant to 28 U.S.C. § 2254 (Doc. 1) filed on January 4, 2016, and the Report and Recommendation ("R&R") (Doc. 12) issued by United States Magistrate Judge Deborah M. Fine on February 7, 2017. Following a jury trial in 2012 in Maricopa County Superior Court, Petitioner was convicted of aggravated robbery, kidnapping, second degree burglary, and aggravated assault. (Doc. 12 at 2). Petitioner was sentenced to 15 years in prison for each of the robbery, burglary and assault charges, and 18 years for the kidnapping charge, with the terms ordered to run concurrently. (*Id.*). After Petitioner's appointed counsel on appeal found no arguable issues to present, Petitioner filed his own direct appeal. (*Id.*). On January 14, 2014, the Arizona Court of Appeals affirmed Petitioner's convictions and sentences. (Doc. 12 at 2-3). His petition for review to the Arizona Supreme Court was denied. (Doc. 12 at 3). Petitioner's subsequent *pro se* petition for post-conviction relief was also denied, and he failed to properly seek review in the Arizona Court of Appeals. (*Id.*).

1 Petitioner raised four grounds for relief in the Petition, including insufficiency of the evidence at trial, ineffective assistance of trial counsel, negligent investigation by the Phoenix Police Department, a violation of due process based on judicial misconduct, vindictive prosecution and prosecutorial misconduct. (Doc. 12 at 5-6). After consideration and analysis of the issues, Judge Fine concluded that Grounds Two through Four of the Petition are procedurally defaulted because Petitioner failed to exhaust his state court remedies and that he is now barred from doing so. (Doc. 12 at 6-9). Regarding Ground One, Judge Fine addressed the merits and determined that Petitioner failed to demonstrate he is entitled to habeas relief. (Doc. 12 at 9-11). Accordingly, Judge Fine recommends that the Petition be denied and dismissed with prejudice. (Doc. 12 at 11).

Judge Fine advised the parties that they had fourteen days to file objections and that the failure to file timely objections "may result in the acceptance of the Report and Recommendation by the district court without further review." (Doc. 12 at 11-12) (citing *United States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir. 2003)). The parties have not filed objections and the time to do so has expired. Absent any objections, the Court is not required to review the findings and recommendations in the R&R. *See Thomas v. Arn*, 474 U.S. 140, 149 (1989) (The relevant provision of the Federal Magistrates Act, 28 U.S.C. § 636(b)(1)(C), "does not on its face require any review at all . . . of any issue that is not the subject of an objection."); *Reyna-Tapia,* 328 F.3d at 1121 (same); Fed.R.Civ.P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

Nonetheless, the Court has reviewed the R&R and agrees with its findings and recommendations. The Court will, therefore, accept the R&R and deny the Petition. *See* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."); Fed.R.Civ.P. 72(b)(3) (same).

Accordingly,

**IT IS ORDERED** that Magistrate Judge Fine's R&R (Doc. 12) is **accepted** and **adopted** as the order of this Court.

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **denied** and **dismissed with prejudice**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal are **denied** because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

**IT IS FURTHER ORDERED** that the Clerk of Court shall terminate this action and enter judgment accordingly.

**Dated** this 15th day of March, 2017.

Honorable Diane J. Humetewa
United States District Judge